**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

BURNELL JOSEPH

VERSUS

ATALCO GRAMERCY, LLC, ET AL.

CIVIL ACTION

23-CV-505-SDD-SDJ

**RULING**

Before the Court is the *Rule 12(b)(6) Motion to Dismiss*,[1] filed by Defendant, Velan, Inc. ("Velan" or "Defendant"). Plaintiff, Burnell Joseph ("Joseph" or "Plaintiff") filed an *Opposition*,[2] to which Velan filed a *Reply*.[3] For the following reasons, the Motion will be granted.

## I.    BACKGROUND

Plaintiff was employed as a precipitation batch tank operator by Atalco Gramercy LLC ("Atalco").[4] This case arises out of an injury Plaintiff claims he suffered at work while servicing a tank.[5] When this tank needs to be cleaned, it is removed from service, and hot caustic soda liquor is introduced through the connecting nozzle and into the tank for cleaning.[6] Once the tank was cleaned, Plaintiff was tasked with returning the tank to service and confirming that its valves were closed.[7] After Plaintiff confirmed the tank was empty and the valves were closed, the tank's fill pumps were activated.[8] Once activated,

---

[1] Rec. Doc. 63.
[2] Rec. Doc. 66.
[3] Rec. Doc. 68.
[4] Rec. Doc. 1-3, p. 4.
[5] *Id.* at p. 5.
[6] *Id.* at pp. 4–5.
[7] *Id.* at p. 4.
[8] *Id.* at p. 5.

the lines carrying the hot liquor to the tank "bec[o]me pressurized."[9] But, the closed valves should restrict the hot liquor from entering the tank. However, Plaintiff claims that, because of the "compromise[]" and "failure of the fill valve and/or actuator" on this tank, hot liquor flowed and entered into it.[10] Consequently, when Plaintiff was attempting to remove a nozzle from what he thought was an empty tank, extremely hot liquor sprayed on Plaintiff's face and body.[11] Plaintiff alleges that he sustained severe and permanent bodily injuries, including severe burns and loss of vision in both eyes.[12]

Plaintiff filed suit against his employer and the manufacturers of the valve and actuator that allegedly failed, including Velan.[13] Plaintiff asserts state law negligence claims and product liability claims against Velan. Plaintiff alleges Velan was "negligent in its manufacture, repair, construction and/or design of this valve, failed to warn of this valve's dangers or provided [sic] an inadequate warning, and was negligent in the training provided for the operation and maintenance of the valve which subsequently caused and/or contributed to the leak."[14] Plaintiff also alleges that the valve was "unreasonably dangerous in design in that there existed an alternate design capable of preventing the Petitioner's injuries and subsequent damages….[and] that the likelihood the product's design would cause the Petitioner's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design."[15]

---

[9] *Id.* at p. 5.
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.* at p. 3.
[14] *Id.* at p. 8.
[15] Id. at p. 9.

Velan seeks dismissal of Plaintiff's Louisiana Products Liability Act ("LPLA") and negligence claims pursuant to Rule 12(b)(6).[16] Plaintiff's non-LPLA claims against it, Velan argues, must be dismissed because the LPLA provides the exclusive remedies against a manufacturer, and that Plaintiff has failed to otherwise state a facially plausible claim under the LPLA.[17]

## II.    LAW & ANALYSIS

### A.  Rule 12(b)(6) Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"'"[18] The Court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[19] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[20]

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

---

[16] Rec. Doc. 63.

[17] Rec. Doc. 631-1, pp. 8-9.

[18] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).

[19] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

[20] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

elements of a cause of action will not do."[21] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[22] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[23] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[24] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[25] "On a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[26]

## B. LPLA Claim Elements and Exclusivity

The LPLA establishes the exclusive theory of liability for manufacturers regarding damages caused by their products.[27]  Under the LPLA is as follows: "[a] manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity."[28]  Thus, to maintain a successful claim under the LPLA, a claimant must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that

---

[21] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) [hereinafter *Twombly*].
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted) [hereinafter *Iqbal*].
[23] *Id.*
[24] *Id.*
[25] *Taha v. William Marsh Rice Univ.*, No. H-11-2060, 2012 WL 1576099, at *2 (S.D. Tex. 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[26] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[27] La. Rev. Stat. § 9:2800.52.
[28] La. Rev. Stat. § 9:2800.54(A).

this characteristic made the product "unreasonably dangerous"; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.[29]

A product is "unreasonably dangerous" under the LPLA in one of four ways: (1) construction or composition; (2) design; (3) inadequate warning; or (4) failure to conform to an express warranty.[30] The "unreasonably dangerous" characteristic must exist at the time the product left the manufacturer's control or result from a reasonably anticipated modification or alteration of the product.[31] An unreasonably dangerous condition cannot be presumed solely from the fact that injury occurred.[32] Rather, the claimant has the burden of proving the required elements under the LPLA.[33]

As an initial matter, Defendants are correct that all of the non-LPLA claims against it for negligence must be dismissed.[34] The LPLA establishes the exclusive theory of liability for manufacturers for damages caused by their products.[35] "A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability that is not set forth in" the LPLA.[36] Plaintiff concedes this point and does not seek leave to amend his Complaint as to Velan's alleged negligent training or repairs.[37]

---

[29] *Ayo v. Triplex, Inc.*, 457 Fed. Appx. 382, 385-86 (5th Cir. 2012) (citing *Jack v. Alberto-Culver USA, Inc.*, 949 So.2d 1256, 1258 (La. 2007) (citing La. Rev. Stat. § 9:2800.54(A))).

[30] La. Rev. Stat. § 9:2800.54(B).

[31] *Id*. at § 9:2800.54(C).

[32] *See Woodling v. Hubbell Inc.*, No. 1-30947, 2002 WL 753487, 35 Fed. Appx. 386, *4 (5th Cir. 2002) (citing *Krummel v. Bombardier Corp*., 206 F.3d 548, 551 (5th Cir. 2000) (quoting *McCarthy v. Danek Med., Inc.*, 65 F.Supp.2d 410, 412 (E.D. La. 1999))).

[33] La. Rev. Stat. § 9:2800.54(D).

[34] Rec. Doc. 63-1, pp. 8–9.

[35] La. Rev. Stat. § 9:2800.52.

[36] *Id*.

[37] Rec. Doc. 66, p. 9.

The state law negligence claims against Velan are improper and shall be dismissed with prejudice.

### C. Plaintiff Failed to State a Failure to Warn Claim

Plaintiff concedes that he failed to state a failure to warn claim and asks for leave to amend his Complaint. The Court agrees that Plaintiff failed to allege sufficient facts to state a failure to warn claim and will grant Plaintiff leave to amend his Complaint in accordance with Rule 8.

### D. Insufficiency of Alleging Design Defect and Construction Defect Claims

Defendant argues that Plaintiff fails to plead a viable LPLA claim with sufficient specificity to state a claim upon which relief may be granted.[38] Plaintiff opposes by arguing that he is only required to "plausibly allege[] enough information that, with discovery, he could prove Velan liable under the LPLA" and attaching an incident report as proof of the failure of the valve.[39]  The Court considers Plaintiff's pleading of each of these claims under the LPLA.

#### 1. Design Defect

Velan argues that the Plaintiff's design defect claim is "nothing more than a recitation of the elements of a design defect[ ] claim, and is therefore insufficient to establish his entitlement to relief under Rule 8 pleading standards."[40] In opposition, Plaintiff makes a *res ipsa* argument that the fact that the Velan valve leaked requires the conclusion that the valve was defectively designed because, by design, valves do not

---

[38] Rec. Doc. 63, 63-1.
[39] Rec. Doc. 66 p. 5 (quoting *Flagg v. Stryker Corp.*, 647 F. App'x 314 (5th Cir. 2016)).
[40] Rec. Doc. 63-1 at pp. 13–14.

leak.[41] He argues "[t]hat there are alternative designs available for valves that do not leak is self-evident, as buyers do not purchase, at least not more than once, valves that leak."[42]

To establish the elements for a design defect claim, a plaintiff must plausibly allege that there "existed an alternative design for the product that was capable of preventing the claimant's damage" and  that "the likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product."[43] "The proposed alternative design 'must be reasonably specific and not based on mere speculation.'"[44]

Plaintiff's threadbare allegations do not establish these elements as he does not plausibly allege that the valve was leaking at the time of its manufacture, what part of or how the valve's design was defective, or identify an alternative design.[45] Plaintiff's allegations regarding the Velan valve are merely "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" that do not state a claim of defective design.[46] The incident report attached to Plaintiff's Opposition was neither referenced in his Complaint nor central to his claims against Defendant Velan, and, thus, are not considered in the Court's Rule 12(b)(6) analysis.[47]

---

[41] Rec. Doc. 66 at pp. 8-9.
[42] *Id.* at p. 8.
[43] La. Rev. Stat. § 9:2800.56.
[44] *Matter of Crosby Marine Transportation, LLC*, No. CV 17-14023, 2019 WL 2524546, at *4 (E.D. La. June 19, 2019) (quoting *Moore v. BASF Corp.*, No. 11-1001, 2012 WL 6025917, at *4 (E.D. La. Dec. 4, 2012) (citing *Seither v. Winnebago Indus., Inc.*, 853 So. 2d 37, 41 (La. App. 2003))).
[45] Rec. Doc. 1-3.
[46] *Iqbal,* 556 U.S. at 678 (2009) (internal citations omitted).
[47] *See Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (citing *Walch v. Adjutant General's Dep't of Tex.,* 533 F.3d 289, 293–94 (5th Cir.2008)).

Defendant's Motion to Dismiss Plaintiff's design defect claim is granted, and this claim shall be dismissed without prejudice, with leave to amend.

### 2. Construction Defect

The Plaintiff's allegations of construction defect are so threadbare that the Court cannot decipher the claim. To the extent that Plaintiff's allegation that "VELAN was negligent in its manufacture, repair, construction and/or design of this valve,… which subsequently caused and/or contributed to the leak that resulted in Petitioner sustaining the injuries described herein" is Plaintiff's attempt at a construction defect claim, it must be dismissed as insufficient.[48] A construction defect claim entails a manufacturer's deviation from its specifications or standards for the same product at issue.[49] Plaintiff has not alleged any facts showing any such deviation, rather than conclusory statements reciting the elements of an LPLA claim. These conclusory allegations do not state a plausible construction defect claim under the LPLA because they do not set forth facts that allow the Court to draw the reasonable inference that Defendant is liable for a construction defect.

Defendant's Motion to Dismiss Plaintiff's construction defect claim is granted, and this claim shell be dismissed without prejudice, with leave to amend.

### III.   Conclusion

For the foregoing reasons, Defendant's Rule 12(b)(6) Motion to Dismiss[50] is GRANTED. Plaintiff's state law claims are dismissed with prejudice. Plaintiff's LPLA claims are dismissed without prejudice. Plaintiff is granted leave to amend his Complaint

---

[48] Rec. Doc. 1-3, p.8.
[49] La. Rev. Stat. § 9:2800.55.
[50] Rec. Doc. 63.

within twenty-one (21) days from the date of this Ruling. Failure to amend within the proscribed time period shall result in dismissal with prejudice.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this __21st__ day of January, 2024.

_____

**SHELLY D. DICK**
**CHIEF DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**