# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

**BURNELL JOSEPH,**

**VERSUS**

**ATALCO GRAMERCY, LLC; VELAN, INC.; AND BRAY INTERNATIONAL, INC.**

**CIVIL ACTION**

**No. 23-505-SDD-SDJ**

## ORDER

Before the Court is the Plaintiff's Motion to Compel Discovery Responses from Defendant Velan (R. Doc. 102). Plaintiff avers that he issued his first set of discovery requests to Velan on July 3, 2024; that Velan objected on August 2, 2024, stating that the discovery requests were premature due to Velan's pending Motion to Dismiss; and that the parties conferred on the matter to no avail. Plaintiff asks that the Court order that Velan respond to discovery requests and pay Plaintiff's reasonable expenses and attorney's fees associated with the instant motion.

Velan, in opposition, argues that it should not be made to participate in discovery while a motion to dismiss is pending, lest it unnecessarily expend resources. Velan claims that "one of the purposes of a Rule 12(b)(6) Motion is to avoid incurring unnecessary litigation costs when a Plaintiff is unable to articulate a cause of action against a defendant," (R. Doc. 111 at 4), and thus that Velan is entitled to sit out discovery until its motion is resolved. Velan claims it did not seek a stay of discovery so as not to disrupt the other parties' progress. (R. Doc. 111 at 5).

Velan argues that the Court should approach the instant Motion to Compel with the same standard used to determine whether it is appropriate to stay discovery pending a 12(b)(6)

motion. (R. Doc. 111 at 5). The instant motion, however, is not a request for stay of discovery but rather a Motion to Compel; as such the Court will not treat Velan's opposition as a motion to stay discovery.

Here, the federal rules are clear: Plaintiff was entitled to obtain discovery regarding any nonprivileged, relevant matter proportional to the needs of the case (Fed. R. Civ. P. 26(b)(1)). Defendant Velan was obligated to provide responses or objections to discovery requests within 30 days. (Fed. R. Civ. P. 33(b)(2), 34(b)(2)). If Velan wished to be exempt from discovery, it could have filed a motion for protective order per Fed. R. Civ. P. 26(c).[1] Rather than seeking such protection, Velan simply issued a blanket objection to Plaintiffs' requests as premature;[2] but no federal or local rule, statute, or binding case law applicable in this case automatically stays discovery pending a ruling on a dispositive motion.[3] A defendant may not unilaterally choose to opt out of the discovery process without seeking leave of Court; as such, the Court will grant Plaintiff's Motion to Compel.

In addition to its request to compel discovery, Plaintiff seeks reasonable expenses and attorney's fees incurred in bringing this motion. (R. Doc. 102-1 at 2). Velan did not address this request in its opposition to the Motion. Pursuant to Rule 37(a)(5)(A), if a motion to compel discovery is granted, the court must, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party's reasonable expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first

---

[1] The Court notes that Rule 26(c) allows an individual party or person to move for protective order—that is, Velan could move to stay discovery only as to itself, and not affecting any other discovery.

[2] Discovery requests would only have been premature if they had been served prior to the 26(f) conference. Fed. R. Civ. P. 26(d)(1).

[3] *See, e.g. Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021) (citing *Escareno ex rel. A.E. v. Lundbeck, LLC*, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved.")).

making a good faith effort to obtain the discovery without court action; that the party's nondisclosure, response or objection was substantially justified; or that other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, Velan has failed to respond to Plaintiff's requests for production and maintains the position that it need not provide responses. Moreover, the record indicates that none of the statutory exceptions to an award of expenses applies.

Although seeking expenses, including attorney's fees, associated with filing this Motion, Plaintiff has not filed anything in the record demonstrating the amount of expenses and attorneys' fees incurred. Velan has been given an opportunity to be heard, but has not opposed Plaintiff's request for an award. Under the circumstances, given Defendants' failure to provide any discovery responses, the Court finds an award of some amount is justified.

This Court has previously awarded a $500 lump sum where the responding party failed to provide any discovery responses, and the movant did not provide evidence of their actual costs and fees. *Shelton v. Landstar Ranger, Inc.*, No. 22-337, 2023 WL 1425321, at *2 (M.D. La. Jan. 31, 2023). A review of the instant Motion and supporting memorandum within this context supports the conclusion that an award of $500 is reasonable. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery Responses from Velan (R. Doc. 102) is **GRANTED**. Velan shall provide responses to discovery requests **within 21 days** of this order.

**IT IS FURTHER ORDERED** that pursuant to Rule 37(a)(5)(A), Velan is ordered to pay Plaintiff reasonable expenses in the amount of $500 **within 15 days** of the date of this Order.

Signed in Baton Rouge, Louisiana, on January 21, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**