UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BURNELL JOSEPH                                              CIVIL ACTION

VERSUS

ATALCO GRAMERCY, LLC, ET AL.                    NO. 23-00505-BAJ-SDJ

**RULING AND ORDER**

Before the Court is Defendant **Velan, Inc.'s Rule 56 Motion For Summary Judgment on Plaintiff's Claims Under the Louisiana Products Liability Act and Great American Insurance Company's Claim for Recovery of Worker's Compensation Benefits. (Doc. 192).** The Motion is unopposed. For the following reasons, the Motion is **GRANTED**.

## I.    BACKGROUND

This is a personal injury case. Plaintiff, a precipitation batch tank operator at the ATALCO plant, alleges that he suffered severe burns and permanent loss of vision due to a leaking fill valve in a precipitation tank ("Tank 41") that caused superheated caustic liquor to come into contact with his face and body. (Doc. 159 at 2-4). Plaintiff alleges that Defendant Velan, Inc. is liable as the manufacturer of the fill valve asserting that the valve was unreasonably dangerous in design, construction or composition, and because of inadequate warning and nonconformity to express warranty. (*Id.* at ¶¶ 28, 40-43). Under Local Civil Rule 56(f), facts contained in a supporting statement of material facts, if supported by record citations, shall be

deemed admitted unless properly controverted. Here, no party has filed an Opposing Statement of Material Facts to Velan Inc.'s Motion for Summary Judgment. (Doc. 192). Accordingly, the facts provided in Defendant's Statement of Uncontested Facts are deemed admitted for purposes of summary judgment. (Doc. 192-1). Defendant's Statement of Undisputed Facts provides as follows:

The fill valves used in the precipitation unit of ATALCO's plant regularly leak, but they are usually not changed because ATALCO does not have the parts or the manpower to do so. (Doc. 192-1 at ¶¶ 17-18). The particular valve at issue in this incident was manufactured by Velan, Inc. (*Id.* at ¶ 33). The valve leaked, but not more frequently than any other types of valves used in the ATALCO plant. (*Id.* at ¶ 21). Velan followed ASME and API standards in the manufacturing of these valves and met all of the testing requirements set forth by AMSE B16.34 and API 609. 27. (*Id.* at ¶¶ 23-24). It is incumbent that the Velan valves be maintained by the sophisticated end user to ensure it operates properly. (*Id.* at ¶ 28). ATALCO is a sophisticated end user. (*Id.* at ¶ 31).

Between February and June in 2022, multiple operators at the ATALCO plant observed and reported leaks on a fill valve for Tank 41, noted that maintenance was required, and informed ATALCO. (*Id.* at ¶¶ 46-56). ATALCO did not attempt to repair the fill valve on Tank 41 after reading these reports. (*Id.* at ¶¶ 49, 58). ATALCO conducted its own investigation after the incident that resulted in Plaintiff's injuries and identified that the cause of the incident was "Inadequate adjustments o/ repairs performed [sic] - Leaking fill valve was identified but not repaired/replaced." (*Id.* at

2

¶ 57). ATALCO agrees that it had a duty to mitigate any potential hazards to workers by either removing and replacing the valve or blocking the valve. (*Id.* at ¶ 60). By not removing the valve on Tank 41 from service after it was reported leaking, ATALCO was not following the instructions or recommendations provided by Velan's operating manual. (*Id.* at ¶ 65). ATALCO did not contact Velan at any point in time regarding issues with the leaking valve. (*Id.* at ¶ 61). The danger posed in using a leaking valve as an isolation point for hazardous chemicals should have been obvious to an experienced plant operator such as ATALCO. (*Id.* at ¶ 67). A valve manufacturer, such as Velan, would not reasonably anticipate an experienced plant operator such as ATALCO to continue using a leaking valve as an isolation point for hazardous materials as that is not what the product is designed and intended for and is not a reasonably anticipated use of the product. (*Id.* at ¶ 68). ATALCO failed in its obligation to ensure that its equipment was in safe working condition. (*Id.* at ¶ 71).

## II.    LEGAL STANDARD

A district court should "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Funches v. Progressive Tractor & Implement Co., L.L.C.*, 905 F.3d 846, 849 (5th Cir. 2018) ("This occurs when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

For issues on which the movant bears the burden of proof at trial, they "must come forward with evidence which would entitle [them] to a directed verdict if the

evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264–65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence establishing a genuine dispute of material fact, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

Where the nonmovant bears the burden of proof at trial, the moving party must offer evidence that undermines the nonmovant's claim or point out the absence of evidence supporting essential elements of the claim. *See Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 885 (1990). Once the movant shows entitlement to judgment as a matter of law, the nonmovant must bring forward evidence to create a genuine issue of material fact. *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).

## III.   DISCUSSION

As noted, this case arises out of a work accident for which Plaintiff alleges Defendant Velan, Inc. is liable under the Louisiana Products Liability Act ("LPLA"). (Doc. 159). In the instant Motion, Velan asks the Court to dismiss Plaintiff's claims against it because: 1) Plaintiff's injuries are a result of ATALCO's misuse of the Velan valve; 2) Plaintiff lacks expert testimony to prove his theory of liability under the LPLA; 3) the leaking valve manufactured by Velan that led to the accident was not

4

unreasonably dangerous under any theory established by the LPLA;  and 4) Plaintiff cannot prove proximate causation to establish a prima facie case of negligence against Velan. (Doc. 192-2 at 2). Thus, Velan argues, it is not liable to Plaintiff for the injuries he allegedly suffered from the accident. No party opposes Defendant's Motion. Based on Defendant's Statement of Material Facts, which have been deemed admitted, the Court will **GRANT** Defendants' Motion. (Doc. 192).

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that **Velan, Inc.'s Rule 56 Motion for Summary Judgment on Plaintiff's Claims Under the Louisiana Products Liability Act and Great American Insurance Company's Claim for Recovery of Worker's Compensation Benefits (Doc. 192)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's and Intervenor Plaintiff's claims against Defendant Velan, Inc. in the above-captioned action are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant Velan, Inc.'s **12(b)6 Motion to Dismiss (Doc. 171)** is **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 29th day of April, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

5